Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION SECURITIES LITIGATION | Civil Action No. 16-6509 (ES) (CLW) <br><br> OPINION |

SALAS, DISTRICT JUDGE

Before the Court is the motion of defendant Cognizant Technology Solutions Corporation ("Cognizant") to certify the Court's Order (D.E. No. 132) for immediate appeal pursuant to 28 U.S.C. § 1292(b). (D.E. No. 146 ("Motion")). Plaintiffs oppose the Motion. (D.E. No. 155). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court DENIES the motion.

I.  BACKGROUND

The Court laid out the extensive factual and procedural background of this case in its prior decision denying Defendants' motions to dismiss. (D.E. No. 131 ("Opinion") at 1–19). Accordingly, and because the Court writes primarily for the parties, it does not repeat that history here.

Central to the Court's Opinion was the issue whether the factual allegations in the second amended complaint (D.E. No. 83 ("SAC")) were sufficient to impute the scienter of individual defendants Gordon Coburn and Steven Schwartz to Cognizant under the doctrine of corporate scienter. The doctrine of corporate scienter allows a plaintiff to plead an inference of scienter against a corporate defendant without raising the same inferences required to attribute scienter to an individual defendant. *Rahman v. Kid Brands, Inc.*, 736 F.3d 237, 246 (3d Cir. 2013). This

1

issue has been the subject of two prior opinions in this case. (D.E. No. 66 ("Prior Opinion") at 66–72; Opinion at 49–69). As explained in both of those opinions, "[t]here are currently three approaches that divide the Circuit Courts of Appeals on this issue, including the narrow approach followed in the Fifth and Eleventh Circuits, the broad approach followed in the Second and Seventh Circuits, and the middle approach followed in the Sixth Circuit." (Opinion at 49–50; Prior Opinion at 66–67).

Briefly, under the narrow approach adopted in the Fifth and Eleventh Circuits, a plaintiff must identify an individual responsible for the alleged misstatement who also possessed the requisite mental state. *See, e.g.*, *City of Roseville Emps.' Ret. Sys. v. Horizon Lines*, 442 F. App'x 672, 676 (3d Cir. 2011). Under the broader approach, courts may impute the scienter of an individual defendant where "[t]here are sufficient allegations regarding the pervasiveness of the fraud, the conscious misbehavior of the particular corporate employees, and the complicity of the corporate entities to find that [the corporate defendant] was aware of or recklessly disregarded the intentional misconduct." *In re Marsh & Mclennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 2d 452, 483 (S.D.N.Y. 2006). Lastly, under the middle-ground approach, an individual's scienter can be imputed to a corporation where, *inter alia*, a high managerial agent or member of the board of directors ratified, recklessly disregarded, or tolerated the misrepresentation after its utterance or issuance. *In re Omnicare Incorporated Securities Litigation*, 769 F.3d 455, 476 (6th Cir. 2014).

Initially, the late Judge William H. Walls considered this issue in connection with the first amended class action complaint ("FAC"). In the Prior Opinion, Judge Walls rejected the narrow approach and found that under either the middle-ground approach or the broad approach, Coburn's scienter may be imputed to Cognizant. (Prior Opinion at 69). As a result of this holding, Count I of the FAC—which alleged claims under the under the Securities Exchange Act of 1934 and Rule

10b–5—survived against Cognizant only.[1] (*Id.* at 74). Judge Walls also held that Count II of the FAC—which alleged claims under section 20(a) of the Exchange Act—survived against Coburn only. (*Id.*).

Shortly thereafter, Cognizant moved for immediate appeal pursuant to 28 U.S.C. § 1292(b). (D.E. No. 70). Cognizant argued, *inter alia*, that the Court made an outcome-determinative legal ruling by rejecting the narrow approach followed in the Fifth and Eleventh Circuits and that, as a result, there was a controlling question of law to be appealed. (D.E. No. 70-1 at 7). Cognizant also emphasized that reversal on the corporate scienter issue would dispose of the section 10(b) claim against Cognizant (Count I of the FAC), and disposal of the underlying 10(b) claim would necessarily dispose of the section 20(a) claim (Count II). (*Id.* at 10–11). In other words, the litigation would end completely if Cognizant prevailed on appeal. Judge Walls agreed and granted Cognizant's motion. (D.E. No. 75). Ultimately, however, the Third Circuit denied Cognizant's petition for interlocutory appeal without prejudice because, while it was pending, Plaintiffs indicated their desire to desire to file a second amended complaint.[2]

After the SAC was filed, Cognizant, Coburn and Schwartz moved to dismiss. (D.E. Nos. 92, 93 & 94). Before briefing was completed, this matter was reassigned to the Undersigned. (D.E. No. 108). The Court held oral argument on the motions to dismiss the SAC via videoconference on May 19, 2020. (D.E. No. 129). On June 5, 2020, the Court issued the Opinion denying the

---

[1]      Count I was also alleged against Francisco D'Souza, Cognizant's former Chief Executive Officer; Karen McLoughlin, Cognizant's former Chief Financial Officer; and Gordon Coburn, Cognizant's former President. (FAC at 1–2). As to D'Souza and McLoughlin, Judge Walls dismissed Count I without prejudice for failure to adequately allege scienter. (Prior Opinion at 62 & 64). As to Coburn, Judge Walls held that Plaintiffs adequately pled scienter, but dismissed Count I against him because he did not make any of the allegedly material misstatements that survived dismissal. (*Id.* at 55).

[2]      Plaintiffs sought to file an amended complaint in light of new and material factual developments, including (i) a criminal indictment against Coburn and Schwartz, (ii) a civil action filed by the Securities and Exchange Commission ("SEC") based on the same bribery scheme, and (iii) an announcement from the SEC stating that Cognizant agreed to settle civil charges for violations of securities law for $25 million. (Opinion at 6–7 (citing D.E. No. 76-1 at 1–2 & 16–17)).

motions. (D.E. No. 131). On the issue of corporate scienter, the Court declined to adopt a pleading standard; instead, the Court evaluated the SAC under the narrow, broad, and middle-ground approaches and concluded "that scienter may be imputed to Cognizant under all three approaches to the corporate scienter doctrine that currently divide the Circuit Courts." (Opinion at 52). Because the Court concluded that scienter may be imputed to Cognizant under any approach, it declined to state (as Cognizant had requested) that the choice of standard was outcome-determinative. (*Id.* at 52 n.15). The Court did, however, state that it would entertain any future motion for interlocutory appeal pursuant to 28 U.S.C. §1292(b). (*Id.*). The instant motion followed.

## II.     LEGAL STANDARD

Section 1292(b) imposes three criteria for the district court's exercise of discretion to grant a request for immediate appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Specifically, the order must (i) involve a "controlling question of law"; (ii) offer "substantial ground for difference of opinion" as to its correctness; and (iii) if appealed immediately, "materially advance the ultimate termination of the litigation." *Id.* (quoting § 1292(b)). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015).

"Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009). Accordingly, a district court should certify issues for interlocutory appeal only "sparingly" and in "exceptional circumstances." *Cardona v. General Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996). So, "even if all three criteria under Section

1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

## III.   ANALYSIS

The first requirement, whether there is a controlling question of law, looks at whether there is a question of law which "(1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" *Morgan*, 2007 WL 269806, at *2 (quoting *Katz*, 496 F.2d at 755). Importantly, however, section 1292(b) "is not designed for review of factual matters." *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977). Thus, "questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (quoting *Morgan*, 2007 WL 269806, at *2).

Cognizant urges that "the corporate-scienter pleading standard is a question of law with significant implications for this litigation, as well as for similar litigation." (D.E. No. 146-1 ("Mov. Br.") at 9). The Court agrees that the corporate scienter pleading standard is a question of law; however, it is not a question that this Court decided. Rather, as Cognizant recognizes, the Court "sidestepped the choice of standard" by holding that, even under the strictest pleading standard, Plaintiffs had adequately pled scienter as to Cognizant.[3] (*See* Mov. Br. at 2; Opinion at 59). Thus, as Plaintiffs point out, selecting among the three standards for imputing an individual's scienter to

---

[3]   For this reason, Cognizant's repeated reliance on Judge Walls's prior certification is not persuasive. (Mov. Br. at 7, 9 & 11). Unlike in the Prior Opinion, the Undersigned did not reject the narrow approach and instead, based in part on allegations that were not before Judge Walls in the FAC, concluded that Plaintiffs adequately pled scienter under any approach. (Opinion at 54). This feature changes the controlling question of law analysis.

5

a corporation is not controlling because it would not change the outcome of the Court's decision.[4] (D.E. No. 155 ("Opp. Br.") at 15); *see Isbell v. Bellino*, 962 F. Supp. 2d 738, 760 (M.D. Pa. 2013) ("[W]hat constitutes minimum due process relative to a voluntary safety plan is not a controlling question in this case because the Court found that Defendants failed to provide any process whatsoever.").

Because the Court sidestepped the choice of standard, Cognizant frames its argument differently and argues that the issue is controlling because "[i]f the Third Circuit were to conclude that the Complaint fails to plead scienter against Cognizant with particularity, Cognizant and Coburn would no longer be defendants in the litigation." (Mov. Br. at 8). But that issue—whether Plaintiffs failed to plead scienter against Cognizant with particularity—is not a purely legal question. Instead, that issue is "'necessarily intertwined' with the Court's understanding of the facts of the case." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2020 WL 948774, at *3 (D.N.J. Feb. 27, 2020) (finding no controlling question of law). In other words, it is the Court's *application* of the various legal standards which is controlling in this case, not the selection of a legal standard. And a challenge to the Court's application of the law is not a controlling question of law for purposes of section 1292(b). *See Juice Entm't*, 353 F. Supp. 3d at 312–13; *In re Barsan Contractors*, No. 04-12362, 2010 WL 3907116, at *5 (D.N.J. Sept. 30, 2010) ("Misapplication of the law to the facts is not a question of law."); *Arista Records, Inc. v. Flea World, Inc.*, No. 03-2670, 2006 WL 2882990, at *2 (D.N.J. Oct. 10, 2006) ("Section 1292(b), however, may not be invoked to obtain review of whether a trial court properly applied the law to the facts.").

---

[4] Although Cognizant notes that the Third Circuit has never accepted the corporate scienter doctrine, it does not argue that the Third Circuit would reject the doctrine altogether. (*See* Mov. Br. at 10 & 11–12 (suggesting that there is a reasonable likelihood that a Third Circuit panel would follow the strictest of the current circuit approaches)).

Cognizant clarifies its position in its reply brief arguing that the Court "incorrectly *understood the law* and thus relied on facts that, under competing interpretations of the statutory pleading standard, do not permit imputation of scienter to a corporation as a matter of law." (D.E. No. 158 ("Reply Br.") at 5 (emphasis added)).[5]  The Court is not persuaded by this artful rephrasing.  Parsing between the lines, Cognizant does not actually contest the Court's recitation of the various pleading standards.  Instead, Cognizant contests the Court's conclusion that the allegations in the SAC were sufficient to meet those standards. (Mov. Br. at 12–16; Reply Br. at 8–12).[6]  Even reframed as "misunderstood law," at the very least, Cognizant seeks review of a mixed question of law and fact—one that indisputably involves the Court's application of the law to the allegations in the SAC.  Such questions are inappropriate for interlocutory appeal.  *See ADP, LLC v. Ultimate Software Grp., Inc.*, No. 16-8664, 2018 WL 1838003, at *4 n. 4 (D.N.J. Apr. 17, 2018) (collecting cases); *Krishanthi v. Rajaratnam*, No. 09-05395, 2011 WL 1885707, at *3 (D.N.J. May 18, 2011) ("Defendants challenge the sufficiency of the facts alleged, and the application of the legal standard to the facts at issue; thus, Defendants' argument by necessity involves an interplay of facts and law, and such matters are within the discretion of this Court.  Therefore, Defendants have not established that this Court's Opinion exclusively concerns controlling questions of law.").

Cognizant's arguments under the second requirement—substantial ground for difference of opinion—illuminate the mixed question of law and fact that Cognizant seeks to certify.

---

[5] Cognizant points out that certain cases Plaintiffs rely on dealt with the Court's application of well-settled law, whereas this case deals with the application unsettled law. (Reply Br. at 5 n. 3).  True, but the Court is guided by the more general principle that mixed questions of law and fact are not suitable for interlocutory appeal.

[6] These portions of Cognizant's briefs address whether there is substantial ground for difference of opinion. However, Cognizant cites to these portions of its briefs when arguing that the Court misconceived the corporate scienter pleading standards adopted by the Fifth and Eleventh Circuits and the Sixth Circuit. (Reply Br. at 5).

A "substantial ground for difference of opinion" must "arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw–Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001) (same). "[M]ere disagreement with the district court's ruling" is not enough. *Kapossy*, 942 F. Supp. at 1001.

Initially, Cognizant begins with an argument that the Court agrees with—that there is substantial ground for a difference of opinion as to the applicable corporate scienter pleading standard. (Mov. Br. at 11). But, as set forth above, the Court did not decide that issue. Thus, Cognizant's argument goes further to demonstrate that the Court's decision otherwise provides substantial ground for difference of opinion. To that end, Cognizant argues that there is also substantial ground for disagreement with how the Court applied the strict and middle-ground pleading standards to the facts of this case. (*Id.* at 12). On this score, Cognizant makes arguments such as "reasonable jurists could differ as to whether the Complaint's allegations suffice to plead scienter," and "there is clearly substantial ground for a difference of opinion as to whether the Complaint's allegations permit scienter to be imputed to Cognizant pursuant to the corporate-scienter doctrine." (Mov. Br. at 10; *see also id.* at 13–14 & Reply Br. at 10–11). Although at times Cognizant frames its argument as a disagreement with the Court's "understanding of the law in other circuits" (Reply Br. at 8), the real disagreement is with the Court's application of that law to the facts of this case. And the potential for disagreement over the district court's application of law to the facts of a case is not "the type of substantial difference of opinion contemplated for the purposes of § 1292." *Kassin v. AR Res., Inc.*, No. 16-4171, 2017 WL 4316391, at *3 (D.N.J. Sept. 28, 2017); *Sabree v. Williams*, No. 06-2164, 2008 WL 4534073, at *2 (D.N.J. Oct. 2, 2008) ("Plaintiff's arguments demonstrate disagreement with the Court's decision and with the

8

Court's application of the cases cited by Plaintiff . . . . In both her papers and during oral argument, Plaintiff advocated her position artfully and thoroughly. The fact that Plaintiff disagrees with the Court, however, does not demonstrate a substantial ground for difference of opinion within the meaning of § 1292(b)." (internal quotation marks omitted)).

In sum, although the Court agrees with Cognizant that the selection of the corporate scienter pleading standard may be, generally speaking, a controlling question of law subject to substantial ground for difference of opinion, it is not a question that this Court answered. Rather, the Court declined to select an applicable pleading standard and applied all three, including the strictest approach promoted by Cognizant. Thus, Cognizant's arguments for interlocutory appeal, however phrased, are aimed at (at least in part) getting the Third Circuit to take a premature look at the Court's application of law to facts. Recognizing that "interlocutory certification should be used sparingly and that the District Court should serve as a diligent gatekeeper to prevent premature and piecemeal appeals," *Bais Yaakov of Spring Valley, v. Peterson's Nelnet, LLC*, No. 11-0011, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013), the Court declines to exercise its discretion to certify its Order for interlocutory appeal, *see Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").[7]

### IV.  CONCLUSION

For the foregoing reasons, the Court denies Cognizant's motion for certification to appeal pursuant to 28 U.S.C. § 1292(b). An appropriate Order accompanies this Opinion.

<i>s/Esther Salas</i><br>
<b>Esther Salas, U.S.D.J.</b>

---

[7] Because the Court denies the motion for other reasons, the Court does not discuss the final requirement—whether an interlocutory appeal is likely to advance the termination of this litigation. *See Krishanthi*, 2011 WL 1885707, at *3 (noting that all three requirements must be satisfied).