# Exhibit 4

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION SECURITIES LITIGATION | Civil Action No. 16-6509 (ES) (CLW) |

**DECLARATION OF LUIGGY SEGURA REGARDING:**
**(A) MAILING OF THE NOTICE AND CLAIM FORM;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Luiggy Segura, declare as follows:

1.      I am a Senior Director at JND Legal Administration ("JND").  Pursuant to the Court's September 9, 2021 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 167) (the "Preliminary Approval Order"), JND was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").[1]  I am over 21 years of age and am not a party to the Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**DISSEMINATION OF THE NOTICE PACKET**

2.      Pursuant to the Preliminary Approval Order, JND mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated September 2, 2021 (ECF No. 165-3), (the "Stipulation").

Settlement Class Members and nominees.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.      On September 16, 2021, Cognizant's Counsel emailed to JND a data file that contained a total of 163 unique names and addresses of persons or entities who were identified as holders of Cognizant Technology Solutions Corp. ("Cognizant") common stock during the Class Period.  On September 30, 2021, JND caused the Notice Packet to be sent by first-class mail to these 163 potential Settlement Class Members.

4.      JND maintains a proprietary database with names and addresses of the largest and most common brokerage firms, banks, and other institutions (referred to as "nominees" or "records holders") that purchase securities in "street name" on behalf of the beneficial owners.  At the time of the initial mailing, JND's database of nominees contained 4,085 mailing records.  On September 30, 2021, JND caused Notice Packets to be sent by first-class mail to the 4,085 mailing records contained in its database.

5.      JND also researched filings with the U.S. Securities and Exchange Commission (SEC) on Form 13-F to identify additional institutions or entities who may have held Cognizant common stock during the Class Period.  Based on this research, 1,634 address records were added to the list of potential Settlement Class Members.  On September 30, 2021, JND caused Notice Packets to be sent by first-class mail to these potential Settlement Class Members.

6.      In total, 5,882 Notice Packets were mailed to potential Settlement Class Members and nominees by first-class mail on September 30, 2021.

7.      The Notice directed those who purchased or otherwise acquired Cognizant common stock during the Class Period for the beneficial interest of a person or entity other than themselves, within seven (7) calendar days of receipt of the Notice, to either: (a) request from the Claims

Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to JND (who would then mail copies of the Notice Packet to those persons).  *See* Notice ¶ 74.

8.     As of November 4, 2021, 2021, JND has received 158,914 additional names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  JND has also received requests from brokers and other nominee holders for 156,666 Notice Packets to be forwarded directly by the nominees to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

9.     As of November 4, 2021, a total of 321,462 Notice Packets have been mailed to potential Settlement Class Members and nominees.  In addition, JND has re-mailed 1,016 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to JND by the USPS or were obtained through other means.

## PUBLICATION OF THE SUMMARY NOTICE

10.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, JND caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published in *The Wall Street Journal* and released via *PR Newswire* on October 15, 2021. Copies of proof of publication of the Summary Notice in *The Wall Street Journal* and over *PRNewswire* are attached hereto as Exhibits B and C, respectively.

**TELEPHONE HELPLINE**

11.     On September 30, 2021, JND established a case-specific, toll-free telephone helpline, 1-855-648-2213, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  Callers requiring further help have the option to be transferred to a live operator during business hours.  JND continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

**WEBSITE**

12.     On September 30, 2021, JND established a website dedicated to the Settlement, www.CognizantSecuritiesLitigation.com, to assist potential Settlement Class Members.  The website includes information regarding the Action and the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and details about the Court's Settlement Hearing. Copies of the Notice and Claim Form, the Stipulation, Preliminary Approval Order, Amended Complaint, Second Amended Complaint, and other documents related to the Action are posted on the website and are available for downloading.  The website became operational on September 30, 2021, and is accessible 24 hours a day, 7 days a week.  JND will update the website as necessary through the administration of the Settlement.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13.     The Notice informs potential Settlement Class Members that requests for exclusion from the Settlement Class are to be sent to the Claims Administrator, such that they are received no later than November 22, 2021.  The Notice also sets forth the information that must be included

in each request for exclusion.  As of November 4, 2021, JND has not received any requests for exclusion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of November 2021, at New Hyde Park, New York.


_____
LUIGGY SEGURA

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION SECURITIES LITIGATION | Master File No. 2:16-cv-06509 (ES) (CLW) |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the District of New Jersey ("Court"), if you purchased or otherwise acquired the common stock of Cognizant Technology Solutions Corporation ("Cognizant" or the "Company") during the period from February 27, 2015 through September 29, 2016, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Union Asset Management Holding AG ("Union"), Amalgamated Bank, as Trustee for the LongView Collective Investment Funds ("Amalgamated"), and the Fire and Police Pension Association of Colorado ("Colorado Fire and Police," and with Union and Amalgamated, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 29 below), have reached a proposed settlement of the Action with Defendants (defined below) for **$95,000,000** in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 75 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 2, 2021 ("Stipulation"), which is available at www.CognizantSecuritiesLitigation.com.

1.  **Description of the Action and the Settlement Class:**  This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by investors against Cognizant and certain of its executives. The Defendants are Cognizant; Gordon Coburn, Cognizant's President until his resignation on September 27, 2016; and Steven Schwartz, Cognizant's Chief Legal Officer until his departure in November 2016.[2] Lead Plaintiffs allege that Defendants violated the federal securities laws by making false and misleading statements and omissions about Cognizant's business, including concerning certain payments relating to Company-owned facilities in India. A more detailed description of the Action is set forth in ¶¶ 11-28 below. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 29 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $95,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Cognizant common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Cognizant common stock (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.35 per share. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Cognizant common stock; (ii) whether they sold their shares of Cognizant common stock and, if so, when and at what price; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:** The Parties do not agree on the amount of damages per share of Cognizant common stock that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of their conduct.

---

[2] Claims asserted in the Action against Francisco D'Souza ("D'Souza"), Cognizant's Chief Executive Officer ("CEO"), and Karen McLoughlin ("McLoughlin"), Cognizant's Chief Financial Officer ("CFO"), were previously dismissed by the Court.  The Settlement releases any Released Plaintiffs' Claims against Mr. D'Souza and Ms. McLoughlin, as well as against Defendants and the other Defendants' Releasees (as defined below).

5.     **Attorneys' Fees and Expenses Sought:** Lead Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Prior to the final Settlement Hearing, Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel[3] in an amount not to exceed 20% of the Settlement Fund. In addition, Lead Counsel will apply for Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $475,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Cognizant common stock, if the Court approves Lead Counsel's attorneys' fees and Litigation Expenses application, is approximately $0.07 per share. **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:**   Lead Plaintiffs and the Settlement Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7.     **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after a motion for summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years, particularly in light of substantial delays expected to result from the ongoing criminal prosecutions against Defendants Coburn and Schwartz. Defendants are entering into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Defendants, D'Souza, and McLoughlin expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants, D'Souza, or McLoughlin have, or could have asserted.

---

[3] Plaintiffs' Counsel are Lead Counsel, Liaison Counsel Lowenstein Sandler LLP, Kessler Topaz Meltzer and Check, LLP, and Motley Rice LLC.

3

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN JANUARY 28, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 39 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 22, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Defendants' Releasees concerning the Released Plaintiffs' Claims. **Please note**, however, if you exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 22, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON DECEMBER 20, 2021 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 22, 2021.** | Filing a written objection and notice of intention to appear by November 22, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. In the Court's discretion, the December 20, 2021 hearing may be conducted by telephone or videoconference (see ¶¶ 65-66 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Hearing – currently scheduled for December 20, 2021 at 2:00 p.m. Eastern Time – is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the Settlement website, www.CognizantSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ................................................................................... Page 5

What Is This Case About? ..................................................................................... Page 6

How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? ......................................................... Page 8

What Are Lead Plaintiffs' Reasons For The Settlement? ....................................... Page 8

What Might Happen If There Were No Settlement? ............................................... Page 9

How Are Settlement Class Members Affected By The Action And The Settlement? ........... Page 9

How Do I Participate In The Settlement?  What Do I Need To Do? .................................. Page 12

How Much Will My Payment Be? ......................................................................... Page 12

What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ...................................................................... Page 14

What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? .............................................................................. Page 14

When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't
   Like The Settlement? ....................................................................................... Page 15

What If I Bought Shares Of Cognizant Common Stock On Someone Else's Behalf? ......... Page 17

Can I See The Court File?  Whom Should I Contact If I Have Questions? ......................... Page 18

Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants ...... Appendix A

| WHY DID I GET THIS NOTICE? |
|---|

8.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Cognizant common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing"). *See* ¶¶ 65-66 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.     Cognizant is a company that provides information technology ("IT") and business process outsourcing. At all relevant times, Cognizant common stock traded on NASDAQ under the ticker symbol CTSH. Although headquartered in the United States, the Company's principal operations are based in India and spread throughout several large campuses.

12.     On September 30, 2016, Cognizant announced that it was conducting an internal investigation into "whether certain payments relating to facilities in India were made improperly and in possible violation of the U.S. Foreign Corrupt Practices Act and other applicable laws." Cognizant also announced that Gordon Coburn, the Company's President, had resigned.

13.     On October 5, 2016, a class action complaint was filed in the United States District Court for the District of New Jersey (the "Court"), styled *Park v. Cognizant Technology Solutions Corporation, et al.*, Case No. 2:16-cv-06509.

14.     On February 3, 2017, the Honorable William H. Walls ordered that the case be recaptioned as *In re Cognizant Technology Solutions Corporation Securities Litigation,* Master File No. 2:16-cv-06509 (the "Action") and that any subsequently filed, removed, or transferred actions related to the claims asserted in the Action be consolidated for all purposes; appointed Union, Amalgamated, and Colorado Fire and Police as Lead Plaintiffs; and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

15.     On April 7, 2017, Lead Plaintiffs filed and served their Amended Class Action Complaint (the "Amended Complaint") asserting claims against Cognizant, Gordon Coburn, Francisco D'Souza, and Karen McLoughlin (the "Original Defendants") under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and claims against Coburn, D'Souza, and McLoughlin under Section 20(a) of the Exchange Act. Among other things, the Amended Complaint alleged that the Original Defendants made materially false and misleading statements about Cognizant's business and financial results, including concerning certain payments relating to Company-owned facilities in India. The Amended Complaint further alleged that the price of Cognizant common stock was artificially inflated as a result of the allegedly false and misleading statements and declined when they were disclosed.

16.     On June 6, 2017, the Original Defendants filed their motions to dismiss the Amended Complaint. On July 21, 2017, Lead Plaintiffs served their memorandum of law in opposition to those motions. On September 5, 2017, the Original Defendants served their reply papers and Cognizant also moved to strike certain allegations in the Amended Complaint.  On October 2, 2017, Lead Plaintiffs filed their opposition to Cognizant's motion to strike. On October 10, 2017, Cognizant filed its reply papers. On August 8, 2018, the Court denied in part and granted in part the Original Defendants' motion to dismiss the Amended Complaint and denied Cognizant's motion to strike.  Specifically, the Court sustained the Section 10(b) claim against Cognizant, dismissed the Section 10(b) claim against Coburn but sustained the Section 20(a) claim against him, and dismissed all claims against D'Souza and McLoughlin.

17.     On September 7, 2018, Cognizant filed a motion seeking immediate interlocutory appeal of the Court's order partially denying its motion to dismiss.  On September 28, 2018, Lead Plaintiffs opposed that motion.  On October 9, 2018, Cognizant filed its reply papers.  On October 18, 2018, the Court granted Cognizant's motion. On October 29, 2018, Cognizant filed a petition with the Third Circuit for permission to take an interlocutory appeal of the Court's order partially

6

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

denying its motion to dismiss.  On November 8, 2018, Lead Plaintiffs filed their opposition to that motion.  On November 13, 2018, Cognizant filed a motion for leave to file additional briefing in support of its petition.  On November 21, 2018, Lead Plaintiffs opposed that motion.

18.     On February 14, 2019, while these motions were pending, the U.S. Department of Justice ("DOJ") indicted Coburn and Schwartz on charges that they engaged in a scheme to bribe one or more government officials in India to secure and obtain a planning permit relating to Cognizant's KITS facility in India (the "Criminal Action").  On February 18, 2019, Lead Plaintiffs notified the Third Circuit about the indictments, informed the Third Circuit that they would seek leave to amend the Amended Complaint to add new allegations relating to the indictments, and requested that the Third Circuit dismiss the appeal as moot.  On February 27, 2019, Cognizant opposed Lead Plaintiffs' request.

19.     On March 6, 2019, the Third Circuit granted Lead Plaintiffs' request and denied Cognizant's petition for an appeal, though it allowed Cognizant to renew its petition if the District Court denied Lead Plaintiffs' forthcoming motion to amend the Amended Complaint.

20.     On April 26, 2019, Lead Plaintiffs filed their Second Amended Class Action Complaint ("SAC" or "Complaint"), which added Schwartz as a Defendant.

21.     On June 10, 2019, Defendants moved to dismiss the SAC.  On July 26, 2019, Lead Plaintiffs filed their opposition to those motions.  On August 26, 2019, Defendants filed their reply.  On May 19, 2020, the Court held oral argument on Defendants' motions to dismiss the SAC.  On July 26, 2019, while these motions were pending, the case was transferred to the Honorable Esther Salas.

22.     On February 7, 2020, Lead Plaintiffs and Cognizant participated in an in-person mediation with the Honorable Layn R. Phillips (Ret.).  The mediation did not result in an agreement to resolve the Action.

23.     On June 5, 2020, the Court entered an order denying Defendants' motions to dismiss the SAC. On July 10, 2020, Cognizant filed and served its Answer to the Complaint, denying the substantive allegations set forth therein.

24.     Following the Court's order sustaining the SAC, discovery in the Action commenced.  Lead Plaintiffs served two sets of document requests on Cognizant, as well as further document requests on Defendants Coburn and Schwartz.  The Parties also negotiated a proposed protective order and a protocol for dealing with electronically stored information, which the Court entered on September 1, 2020.

25.     On June 16, 2020, the United States Attorney for the District of New Jersey ("Government") notified the Court that it would seek to intervene in the Action for the purpose of seeking a stay of discovery in the Action during the pendency of the Criminal Action against Defendants Coburn and Schwartz.  Following discussions, the Parties and the Government stipulated to a partial stay of discovery in the Action, pursuant to which Cognizant would produce to Lead Plaintiffs all documents previously produced to the Government in connection with the Criminal Action.  The Court entered this stipulation on July 24, 2020.  Pursuant to that stipulation, on September 3, 2020, Cognizant produced to Lead Plaintiffs 124,047 documents, comprised of 660,154 pages, which it had previously produced to the Government. Cognizant subsequently produced additional documents to the parties to the Criminal Action, which it then also produced to Lead Plaintiffs on May 21, 2021.

7

26.     On August 10, 2021, following extensive settlement negotiations that were assisted by Judge Phillips, Lead Plaintiffs and Cognizant reached an agreement in principle to settle the Action in return for a cash payment by Cognizant and its insurers on behalf of Defendants of $95,000,000 for the benefit of the Settlement Class.  The agreement was based on a mediator's recommendation made by Judge Phillips.

27.     On September 2, 2021, the Parties entered into the Stipulation, which sets forth the full terms and conditions of the Settlement.  The Stipulation can be viewed at www.CognizantSecuritiesLitigation.com.

28.     On September 9, 2021, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

29.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court solely for purposes of effectuating the Settlement consists of:

> **all persons and entities who purchased or otherwise acquired the common stock of Cognizant during the period from February 27, 2015 through September 29, 2016, inclusive.**

Excluded from the Settlement Class are: (i) Defendants (Cognizant, Gordon Coburn, and Steven Schwartz), Francisco D'Souza, and Karen McLoughlin; (ii) members of the Immediate Families of the Individual Defendants (Gordon Coburn and Steven Schwartz), Francisco D'Souza, and Karen McLoughlin; (iii) the Company's subsidiaries and affiliates; (iv) any person who is or was during the Class Period an Officer or director of the Company or any of the Company's subsidiaries or affiliates; (v) any entity in which any Defendant or other excluded person or entity has a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity; provided, however, that any employee stock ownership plan, 401(k) plan, or similar plan or account is not excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 14 below.

**Please note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation postmarked (if mailed), or online, no later than January 28, 2022.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

30.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through

8

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages.

31.     Defendants have argued, and would continue to argue, that they did not violate the federal securities laws.  More specifically, Defendants have argued, and would continue to argue, that (1) they did not make any misleading statements or omissions, (2) they did not act with "scienter," or fraudulent intent, and (3) Lead Plaintiffs could not prove damages or loss causation with respect to any alleged misleading statements or omissions.

32.     In addition, there would have been risks and additional delays associated with the Criminal Action brought against Coburn and Schwartz and the need to conduct discovery in India. Discovery has been stayed in this Action pending the completion of the criminal trial against Coburn and Schwartz, which means that Lead Plaintiffs cannot begin to conduct any further discovery in this Action until after the criminal trial finishes (which is not scheduled to occur until 2022). Moreover, obtaining evidence in a foreign country like India is a slow process without any guarantee of success, and requires significant cooperation from governmental bureaucracies. In sum, there were a number of very significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery. The Settlement eliminates these risks. It also eliminates the risk and costs attendant with the delay inherent in further litigation.

33.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $95,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

34.     If there were no Settlement, and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

35.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 15 below.

36.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 14 below.

9

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

37.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 15 below.

38.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, attorneys, accountants, auditors, insurers, advisors, consultants, experts, or affiliates of any of them, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 39 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

39.     "Released Plaintiffs' Claims" means any and all claims, demands, damages, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, including rights of appeal, obligations, actions, suits, liabilities and causes of action of every nature and description, whether known or Unknown Claims, individual, class or representative, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, concealed or hidden, which now exist, heretofore or previously existed, or may hereafter exist, regardless of legal or equitable theory, and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) (A) asserted in the Action, or (B) could have asserted or could in the future assert in any forum that arise out of or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint *and* (ii) that relate to the purchase, acquisition, holding, or sale of the common stock of Cognizant during the Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Derivative Actions[4] or any other shareholder derivative action; (iii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the potentially improper payments alleged in the Action; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

40.     "Defendants' Releasees" means Defendants (Cognizant, Gordon Coburn, and Steven Schwartz), Francisco D'Souza, and Karen McLoughlin and any and all of their related parties, in their capacities as such, including without limitation, each of their respective past, present, or future subsidiaries, parents, divisions, affiliates, principals, the successors and

---

[4] The "Derivative Actions" are *In re Cognizant Technology Solutions Corporation Derivative Litigation*, Case No. 2:17-cv-01248-KM-CLW (D.N.J.), *Lautzenheiser v. Abdala, et al.*, Case No. 2:17-cv-01248 (D.N.J.), *Hoy v. Coburn, et al.*, Case No. 2:17-cv-03331-WHW-CLW (D.N.J.), *Graniero III v. Coburn, et al.*, Case No. 2:17-cv-02421-WHW-LDW (D.N.J.), *Schaufelberger v. D'Souza, et al.*, Case No. 2:19-cv-08289-WHW-CLW (D.N.J.), *Lee v. D'Souza, et al.*, L-008103-16 (N.J. Superior Ct., Bergen Cty.), *Surelia v. D'Souza, et al.*, L-002291-17 (N.J. Superior Ct., Bergen Cty.), *Surelia v. D'Souza, et al.*, L-000326-16 (N.J. Superior Ct., Bergen Cty. Chancery Division), and *Palempalli v. Patsalos-Fox, et al.*, Case No. 2:21-cv-12025-KM-CLW (D.N.J.).

predecessors and assigns and assignees in interest of any of them, joint venturers, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, financial or investment advisors or consultants, banks or investment bankers, accountants, auditors, advisors, consultants, personal or legal representatives, estates, trusts, heirs, related or affiliated entities, any entity in which a Defendant, D'Souza, or McLoughlin has a controlling interest, Immediate Family of a Defendant, D'Souza, or McLoughlin, or any trust of which any Defendant, D'Souza, or McLoughlin is a settlor or which is for the benefit of any Defendant, D'Souza, or McLoughlin and/or his or her Immediate Family, and each of the heirs, executors, administrators, trustees, predecessors, successors, assigns, and assignees of the foregoing.

41.     "Unknown Claims" means any and all Released Plaintiffs' Claims that any of the Plaintiffs' Releasees does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any of the Defendants' Releasees does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive and relinquish, and each of the Plaintiffs' Releasees and each of the Defendants' Releasees shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of the United States, law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each of the Plaintiffs' Releasees and each of the Defendants' Releasees shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or the Alternate Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and each of the Plaintiffs' Releasees and each of the Defendants' Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

42.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, attorneys, accountants, auditors, insurers, advisors, consultants, experts, or affiliates of any of them, in their capacities as such, will

11

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 43 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 44 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

43.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

44.     "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and any and all of their related parties, in their capacities as such, including without limitation, each of their respective past, present, or future subsidiaries, parents, divisions, affiliates, principals, the successors and predecessors and assigns and assignees in interest of any of them, joint venturers, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, financial or investment advisors or consultants, banks or investment bankers, accountants, auditors, advisors, consultants, personal or legal representatives, estates, trusts, heirs, related or affiliated entities, any entity in which a Settlement Class Member has a controlling interest, Immediate Family of a Settlement Class Member, or any trust of which any Settlement Class Member is a settlor or which is for the benefit of any Settlement Class Member and/or his or her Immediate Family, and each of the heirs, executors, administrators, trustees, predecessors, successors, assigns, and assignees of the foregoing.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.CognizantSecuritiesLitigation.com, no later than January 28, 2022*. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.CognizantSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-648-2213, or by emailing the Claims Administrator at info@CognizantSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Cognizant common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.     Pursuant to the Settlement, Cognizant and its insurers shall pay or cause to be paid $95,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The

12

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

49.     Neither Defendants, the Defendants' Releasees, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

50.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before January 28, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 39 above) against the Defendants' Releasees (as defined in ¶ 40 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims whether or not such Settlement Class Member submits a Claim Form.

52.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Cognizant common stock purchased/acquired through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Cognizant common stock purchased/acquired during the Class Period outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases/acquisitions of Cognizant common stock during the Class Period may be made by the plan's trustees.

53.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

54.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

55.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Cognizant common stock during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and

13

should not submit Claim Forms. The only security that is included in the Settlement is Cognizant common stock.

56.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

57.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have Plaintiffs' Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, in a total amount not to exceed $475,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF?

58.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Cognizant Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91421, Seattle, WA 98111. The request for exclusion must be ***received* no later than November 22, 2021**. You will not be able to exclude yourself from the Settlement Class after that date.

59.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Cognizant Technology Solutions Corporation Securities Litigation*, Master File No. 2:16-cv-06509 (D.N.J.)"; (iii) state the number of shares of Cognizant common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 27, 2015 and (B) purchased/acquired and/or sold during the Class Period (from February 27, 2015 through September 29, 2016, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

60.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 59 and is received within the time stated above, or is otherwise accepted by the Court.

61.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or

14

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. **Please note**: If you exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

62.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

63.     Cognizant has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Cognizant.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

64.     **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

65.     **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CognizantSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CognizantSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.CognizantSecuritiesLitigation.com.**

66.     The Settlement Hearing will be held on **December 20, 2021 at 2:00 p.m.**, Eastern Time before the Honorable Esther Salas, either in person at the United States District Court for the District of New Jersey, Courtroom 5A, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to

determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

67.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below as well as serve copies on Lead Counsel and Cognizant's Counsel at the addresses set forth below *on or before November 22, 2021*.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Cognizant's Counsel</u> |
|---|---|---|
| United States District Court District of New Jersey Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07101 | Bernstein Litowitz Berger & Grossmann LLP John Rizio-Hamilton, Esq. 1251 Avenue of the Americas New York, NY 10020 | Goodwin Procter LLP Brian E. Pastuszenski, Esq. Daniel Roeser, Esq. The New York Times Building 620 Eighth Avenue New York, NY 10018 |

You must also *email* the objection and any supporting papers on or before November 22, 2021 to settlements@blbglaw.com, and droeser@goodwinlaw.com.

68.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must identify the case name and docket number, *In re Cognizant Technology Solutions Corporation Securities Litigation*, Master File No. 2:16-cv-06509 (D.N.J.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cognizant common stock that the objecting Settlement Class Member (A) held as of the opening of trading on February 27, 2015 and (B) purchased/acquired and/or sold during the Class Period (from February 27, 2015 through September 29, 2016, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

69.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

70.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above and (ii) you

first submit your notice of appearance in accordance with the procedures described below; unless the Court orders otherwise.

71.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Cognizant's Counsel at the addresses set forth in ¶ 67 above so that it is *received* **on or before November 22, 2021**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

72.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Cognizant's Counsel at the addresses set forth in ¶ 67 above so that the notice is *received* **on or before November 22, 2021**.

73.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES OF COGNIZANT COMMON STOCK ON SOMEONE ELSE'S BEHALF? |
| --- |

74.   If you purchased or otherwise acquired Cognizant common stock during the period from February 27, 2015 through September 29, 2016, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Cognizant Securities Litigation*, c/o JND Legal Administration, P.O. Box 91421, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.CognizantSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-855-648-2213, or by emailing the Claims Administrator at CGNSecurities@JNDLA.com.

17

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75.      This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.CognizantSecuritiesLitigation.com. Copies of any related orders entered by the Court and certain other filings in this Action will be also posted on this website. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov/, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Cognizant Securities Litigation* | and/or | John Rizio-Hamilton, Esq. |
| c/o JND Legal Administration | | Bernstein Litowitz Berger & |
| P.O. Box 91421 | | Grossmann LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas |
| | | New York, NY 10020 |
| 1-855-648-2213 | | 1-800-380-8496 |
| info@CognizantSecuritiesLitigation.com | | settlements@blbglaw.com |
| www.CognizantSecuritiesLitigation.com | | |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: September 30, 2021                                   By Order of the Court
                                                                                United States District Court
                                                                                for the District of New Jersey

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.      The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan will be posted on the website www.CognizantSecuritiesLitigation.com. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plan of Allocation.

2.      The objective of the Plan is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint. The calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan are only a method to weigh the claims of Claimants against one another for the purposes of making a *pro rata* allocation of the Net Settlement Fund.

3.      In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share closing price of Cognizant common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating this estimated alleged artificial inflation, Lead Plaintiffs' damages expert considered the price changes in Cognizant common stock on September 30, 2016, following the alleged corrective disclosure, adjusting for price changes on that day that were attributable to market or industry forces. Lead Plaintiffs' damages expert calculates that the estimated alleged artificial inflation in the price of Cognizant common stock during the Class Period was $7.65 per share.

4.      For losses to be compensable damages under the applicable laws (Sections 10(b) and 20(a) of the Exchange Act), the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Cognizant common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from February 27, 2015 through September 29, 2016, inclusive, which had the effect of artificially inflating the price of Cognizant common stock. Lead Plaintiffs further allege that corrective information was released to the market before the opening of trading on September 30, 2016, which removed the artificial inflation from the price of Cognizant common stock on September 30, 2016.

5.      Recognized Loss Amounts under the Plan are based primarily on the difference in the amount of alleged artificial inflation in the price of Cognizant common stock at the time of purchase and the time of sale. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased Cognizant common stock during the Class Period must have held his, her, or its shares until at least September 30, 2016.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.      A "**Recognized Loss Amount**" will be calculated as set forth below for each share of Cognizant common stock purchased or otherwise acquired from February 27, 2015 through September 29, 2016, inclusive, that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

7.      For each share of Cognizant common stock purchased from February 27, 2015 through September 29, 2016, inclusive, and:

(a)      sold prior to September 30, 2016, the **Recognized Loss Amount** is $0;

(b)      sold from September 30, 2016 through the close of trading on December 28, 2016, the **Recognized Loss Amount** is *the least of*: (i) $7.65; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between September 30, 2016 and the date of sale as stated in Table A;

(c)      held as of the close of trading on December 28, 2016, the **Recognized Loss Amount** is *the lesser of*: (i) $7.65; or (ii) the purchase price *minus* $53.34.[5]

## ADDITIONAL PROVISIONS

8.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 17 below) is $10.00 or greater.

9.      **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of Cognizant common stock during the Class Period.

10.      **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Cognizant common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

11.      **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Cognizant common stock during the "90-day look-back period," from September 30, 2016 through December 28, 2016. The mean (average) closing price for Cognizant common stock during this 90-day look-back period was $53.34.

12.     **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Cognizant common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  However, the receipt or grant by gift, inheritance, or operation of law of Cognizant common stock during the Class Period shall not be deemed an eligible purchase, acquisition, or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the stock unless (i) the donor or decedent purchased or acquired the Cognizant common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

13.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Cognizant common stock. The date of a "short sale" is deemed to be the date of sale of the Cognizant common stock. In accordance with the Plan, however, the Recognized Loss Amount on "short sales" is zero.

14.     **Shares Purchased/Sold Through the Exercise of Options:** Option contracts to purchase or sell Cognizant common stock are not securities eligible to participate in the Settlement. With respect to Cognizant common stock purchased or sold through the exercise of an option, the purchase/sale date of the Cognizant common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

15.     **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Cognizant common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

16.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Cognizant common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Cognizant common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Cognizant common stock purchased during the Class Period.

[7] The Claims Administrator shall match any sales of Cognizant common stock during the Class Period first against the Claimant's opening position in Cognizant common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Cognizant common stock sold during the Class Period is the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a "Holding Value" of $47.71 to each share of Cognizant common stock purchased during the Class Period that was still held as of the close of trading on September 29, 2016. The Holding Value is based on the closing price of Cognizant common stock on September 30, 2016

21

Questions? Visit www.CognizantSecuritiesLitigation.com or call toll-free 1 (855) 648-2213

17.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

18.     If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a further distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such additional distributions, would be cost-effective. At such time as it is determined that further re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

20.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or any order of the Court.

**TABLE A**

**90-Day Look-Back Table for Cognizant Common Stock**
**(Average Closing Price: September 30, 2016 – December 28, 2016)**

| Sale Date | Average Closing Price from September 30, 2016 through Date | Sale Date | Average Closing Price from September 30, 2016 through Date |
|---|---|---|---|
| 9/30/2016 | $47.71 | 11/14/2016 | $51.26 |
| 10/3/2016 | $49.06 | 11/15/2016 | $51.35 |
| 10/4/2016 | $49.40 | 11/16/2016 | $51.46 |
| 10/5/2016 | $49.78 | 11/17/2016 | $51.60 |
| 10/6/2016 | $50.06 | 11/18/2016 | $51.71 |
| 10/7/2016 | $50.11 | 11/21/2016 | $51.81 |
| 10/10/2016 | $50.16 | 11/22/2016 | $51.84 |
| 10/11/2016 | $50.13 | 11/23/2016 | $51.84 |
| 10/12/2016 | $50.11 | 11/25/2016 | $51.88 |
| 10/13/2016 | $50.22 | 11/28/2016 | $52.00 |
| 10/14/2016 | $50.23 | 11/29/2016 | $52.09 |
| 10/17/2016 | $50.22 | 11/30/2016 | $52.16 |
| 10/18/2016 | $50.22 | 12/1/2016 | $52.20 |
| 10/19/2016 | $50.23 | 12/2/2016 | $52.24 |
| 10/20/2016 | $50.22 | 12/5/2016 | $52.30 |
| 10/21/2016 | $50.19 | 12/6/2016 | $52.36 |
| 10/24/2016 | $50.21 | 12/7/2016 | $52.46 |
| 10/25/2016 | $50.23 | 12/8/2016 | $52.53 |
| 10/26/2016 | $50.26 | 12/9/2016 | $52.60 |
| 10/27/2016 | $50.32 | 12/12/2016 | $52.66 |
| 10/28/2016 | $50.38 | 12/13/2016 | $52.74 |
| 10/31/2016 | $50.42 | 12/14/2016 | $52.81 |
| 11/1/2016 | $50.47 | 12/15/2016 | $52.88 |
| 11/2/2016 | $50.51 | 12/16/2016 | $52.95 |
| 11/3/2016 | $50.55 | 12/19/2016 | $53.01 |
| 11/4/2016 | $50.61 | 12/20/2016 | $53.07 |
| 11/7/2016 | $50.76 | 12/21/2016 | $53.13 |
| 11/8/2016 | $50.91 | 12/22/2016 | $53.18 |
| 11/9/2016 | $50.98 | 12/23/2016 | $53.24 |
| 11/10/2016 | $51.08 | 12/27/2016 | $53.29 |
| 11/11/2016 | $51.17 | 12/28/2016 | $53.34 |

# PROOF OF CLAIM AND RELEASE FORM

*Cognizant Securities Litigation*

**Toll-Free Number:  1-855-648-2213**
**Email:  info@CognizantSecuritiesLitigation.com**
**Website:  www.CognizantSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.CognizantSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received by no later than January 28, 2022**.

> **Mail to:**    *Cognizant Securities Litigation*
> **c/o JND Legal Administration**
> **P.O. Box 91421**
> **Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

# CONTENTS

**02**    I.   **CLAIMANT IDENTIFICATION**

**03**    II.  **GENERAL INSTRUCTIONS**

**06**    III. **SCHEDULE OF TRANSACTIONS IN COGNIZANT COMMON STOCK (CTSH, CUSIP: 192446102)**

**08**    IV.  **RELEASE OF CLAIMS AND SIGNATURE**

**10**    V.   **REMINDER CHECKLIST**

# PART I. CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership

☐ Estate   ☐ Trust   ☐ Other (describe): _____

2

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page 8 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, the common stock of Cognizant Technology Solutions Corporation ("Cognizant").  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Cognizant common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only Cognizant common stock purchased during the Class Period (*i.e.*, from February 27, 2015 through September 29, 2016, inclusive) is eligible under the Settlement.  However, sales of Cognizant common stock during the period from September 30, 2016 through and including the close of trading on December 28, 2016, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Cognizant common stock as set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Cognizant common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN

THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.       Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Cognizant common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Cognizant common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Cognizant common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.       **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Cognizant common stock made on behalf of a single beneficial owner.

9.       Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)       expressly state the capacity in which they are acting;

(b)       identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Cognizant common stock; and

(c)       furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.       By submitting a signed Claim Form, you will be swearing that you:

(a)       own(ed) the Cognizant common stock you have listed in the Claim Form; or

(b)       are expressly authorized to act on behalf of the owner thereof.

11.       By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@CognizantSecuritiesLitigation.com, or by toll-free phone at 1-855-648-2213, or you can visit the Settlement website, www.CognizantSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.CognizantSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at CGNSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at CGNSecurities@JNDLA.com to inquire about your file and confirm it was received.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-648-2213.**

# PART III. SCHEDULE OF TRANSACTIONS IN COGNIZANT COMMON STOCK

Use this section to provide information on your holdings and trading of Cognizant common stock during the requested time periods.  Cognizant common stock trades on the NASDAQ under the symbol **CTSH**, CUSIP: 192446102.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.  Do not include information regarding securities other than Cognizant common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF FEBRUARY 27, 2015** – State the total number of shares of Cognizant common stock held as of the opening of trading on February 27, 2015. (Must be documented.)  If none, write "zero" or "0."  [          ] | **Confirm Proof of Holding Position Enclosed** ☐ |

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 27, 2015 THROUGH SEPTEMBER 29, 2016, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Cognizant common stock from after the opening of trading on February 27, 2015 through and including the close of trading on September 29, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM SEPTEMBER 30, 2016 THROUGH DECEMBER 28, 2016, INCLUSIVE** – State the total number of shares of Cognizant common stock purchased/acquired (including free receipts) from after the opening of trading on September 30, 2016 through and including the close of trading on December 28, 2016.  (Must be documented.)
If none, write "zero" or "0."[1]   [          ]

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of Cognizant common stock from after the opening of trading on September 30, 2016 through and including the close of trading on December 28, 2016 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

**4. SALES FROM FEBRUARY 27, 2015 THROUGH DECEMBER 28, 2016, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Cognizant common stock from after the opening of trading on February 27, 2015 through and including the close of trading on December 28, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |

**5. HOLDINGS AS OF DECEMBER 28, 2016** – State the total number of shares of Cognizant common stock held as of the close of trading on December 28, 2016. (Must be documented.) If none, write "zero" or "0."

**Confirm Proof of Holding Position Enclosed** ☐

☐ **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**

# PART IV. RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated September 2, 2021, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, assigns, attorneys, accountants, auditors, insurers, advisors, consultants, experts, or affiliates of any of them, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

# CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Cognizant common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

5.      that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

6.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Cognizant common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

7.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waive(s) any right of appeal or review with respect to such determination;

10.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


_____            _____
Signature of Claimant                                               Date


_____
Print Claimant name here


_____            _____
Signature of Joint Claimant, if any                               Date


_____
Print Joint Claimant name here


***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____            _____
Signature of person signing on behalf of Claimant             Date


_____
Print name of person signing on behalf of Claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page 4 of this Claim Form.)

9

# V. REMINDER CHECKLIST



1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.





3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-855-648-2213.**





6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@CognizantSecuritiesLitigation.com, or by toll-free phone at 1-855-648-2213, or you may visit the website www.CognizantSecuritiesLitigation.com.  DO NOT call Cognizant or its counsel with questions regarding your claim.



THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.COGNIZANTSECURITIESLITIGATION.COM, **POSTMARKED (IF MAILED) OR RECEIVED NO LATER THAN JANUARY 28, 2022.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Cognizant Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91421**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a **postmark date on or before January 28, 2022** is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

# BUSINESS NEWS

# Banksy Shredded Artwork Is Sold

**Piece by famed British street artist that self-destructed is auctioned for $25.4 million**

BY KELLY CROW

A painting that British street artist Banksy purposely shredded during a previous auction sold on Thursday to an anonymous Asian collector for $25.4 million at Sotheby's in London, setting a record for the artist at auction.

Banksy famously pranked the art world three years ago when he hid a remote-controlled paper shredder in the gilt frame of one of his paintings so it could self-destruct right after Sotheby's London auctioned it off.

The shredder malfunctioned halfway through, leaving the bottom of the stenciled canvas dangling in crimped strips as collectors gasped and lined up for a closer glimpse. The artist soon went on social media and took credit for the stunt.

Now, the anonymous buyer of that $1.4 million work has had the last laugh—by reselling the ribboned work on Thursday for 18 times as much. Sotheby's expected it to sell for only as much as $8 million, but at least nine bidders in the sale pushed its price even higher, with the director of Sotheby's private sales in Asia, Nick Wood, fielding the winning telephone bid. "I can't tell you how nervous I am to drop the gavel on this one," said auctioneer Oliver Barker in the moment, glancing at the work hanging behind him. Nothing followed but applause.

The result reveals how easily tastemakers today can turn a potential market liability into an art-world legend. Its resale was welcomed as a feat



Banksy first created the work sold Thursday in 2006, titling it 'Girl with Balloon.' After the shredding, the artist renamed it 'Love is in the Bin.'

of theatrical recasting by collectors who have only now started filing back into auction houses after more than a year of bidding online because of the Covid-19 pandemic.

"The genius of Banksy is that he can make fun of the art establishment without damaging his own market," said Sotheby's specialist Emma Baker, representing the anonymous person who made the second-highest bid for the work.

All but one of Banksy's top 20 priciest pieces sold in the past five years, according to auction database Artnet. Christie's held his record seven months ago when it sold his portrait of a young boy, "Game Changer," for $23 million.

Banksy rose to fame two decades ago by using spray paint to stencil politically charged images on buildings all over England.

He said he first created the work being sold Thursday in 2006, titling it "Girl with Balloon." It depicts a young girl stretching her arm toward a heart-shape balloon floating away. After the shredding incident, the artist said it should be deemed a new work and renamed it "Love is in the Bin."

The work's buyer, identified only as a European woman, almost immediately put the piece on public display, lending it first to Germany's Museum Frieder Burda in 2019—where academic symposiums explored its art-historical merits—then to the country's Stuttgart State Gallery. Museums reinforced the gravitas of

Banksy's work, tilting its reception from spoof to significant piece of performance art, dealers said.

The work became a meme, with millennials and megaconglomerates pouncing on the shredding incident to create cheeky homages—from advertisements of half-shredded french fries to fringed Halloween costumes featuring Banksy's balloon girl.

Ahead of Thursday's sale, Sotheby's got into the act, cutting thin strips into the blue flag that hangs above its London offices and spotlighting the piece in a darkened gallery by itself to give it a shrine effect. It shopped the piece in art hubs like Hong Kong and Taipei, where Banksy's appeal is growing.

When Sotheby's consigned the shredded piece this summer, the house took additional precautions to avoid an encore performance, Ms. Baker said. During the 2018 incident, security guards had rushed to remove the shredder's batteries, and specialists checked again to be sure no one had put any back in. Curators at the German museums removed the back of its frame and covered it in glass, which allowed the house's team to verify that the shredder's electrical mechanisms were gone.

Ms. Baker said Sotheby's weighed the work, noting that even in its frame it was "much lighter" than the last sale, reassuring potential buyers "that there shouldn't be anything else hidden," she said.

## Digital-Ad Firm Aleph Sets Plan For IPO

BY CORRIE DRIEBUSCH

**Aleph Holding** confidentially filed for an initial public offering in the U.S., according to people familiar with the matter, paving the way for the digital-advertising company to go public in early 2022.

The filing comes shortly after **MercadoLibre** Inc., the dominant e-commerce company in Latin America, invested $25 million in Aleph at a $2 billion valuation. In preparation for its IPO, Aleph has been building out its board of directors. MercadoLibre's chief financial officer Pedro Arnt recently agreed to join the board, as has Imran Khan, former chief strategy officer of Snap Inc. and the chief executive officer and co-founder of online e-commerce platform **Verishop** Inc., as chairman.

Aleph's confidential filing with the Securities and Exchange Commission sets the company on a path to an IPO in early 2022. That timing could shift depending on the timing of the SEC's review process and market conditions.

Aleph generates revenue by helping corporations and social-media companies such as Facebook Inc., Twitter Inc. and Microsoft Corp.'s LinkedIn connect with companies interested in advertising locally or globally. The company operates in more than 70 countries in 43 currencies and is connected to thousands of advertisers.

This summer, Aleph, which has offices in Buenos Aires, Dubai and Miami, sold a stake to private-equity firm CVC Capital Partners for $470 million at a $2 billion valuation.

---

**ADVERTISEMENT**

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

### LEGAL NOTICE

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION SECURITIES LITIGATION

Civil Action No. 16-6509 (ES) (CLW)

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons and entities who purchased or otherwise acquired the common stock of Cognizant Technology Solutions Corporation ("Cognizant") during the period from February 27, 2015 through September 29, 2016, inclusive (the "Class Period") (the "Settlement Class"):

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Union Asset Management Holding AG, Amalgamated Bank, as Trustee for the LongView Collective Investment Funds, and the Fire and Police Pension Association of Colorado have reached a proposed settlement of the Action for $95,000,000 in cash (the "Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on December 20, 2021 at 2:00 p.m. Eastern Time, before the Honorable Esther Salas either in person at the United States District Court for the District of New Jersey, Courtroom 5A, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101 or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice

and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Cognizant Securities Litigation*, c/o JND Legal Administration, P.O. Box 91421, Seattle, WA 98111, 1-855-648-2213. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CognizantSecuritiesLitigation.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than January 28, 2022**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than November 22, 2021**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement. **Please note:** If you exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Cognizant's counsel such that they are *received* **no later than November 22, 2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Cognizant, the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
John Rizio-Hamilton, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*Cognizant Securities Litigation*
c/o JND Legal Administration
P.O. Box 91421
Seattle, WA 98111
1-855-648-2213
www.CognizantSecuritiesLitigation.com

By Order of the Court

¹ Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

www.CognizantSecuritiesLitigation.com                            1-855-648-2213

### BUSINESS OPPORTUNITIES

**Private Lender Needed**

Drilling company seeks private lender, will pay 15% APR for $50,000-$500,000, to be used for debt consolidation, new equipment purchases and working capital. Full financial package sent on request. Individuals only— no finance companies, please.

913-602-0232
Brent@precisionundergroundusa.com

### BUSINESS OPPORTUNITIES

One of Las Vegas's most profitable and prestigious dry cleaner for sale.
Third generation retiring!
Gross $1.5M+- includes full plant & agency stores in affluent areas, great equipment! Huge national bridal & entertainment business. Clean & grow rich. We will train!
702-218-6361
vegascleaners123@gmail.com

### BUSINESS OPPORTUNITIES

BOZEMAN, MONTANA BUSINESS FOR SALE
SKI, HIKE, HUNT, FISH, BIKE, LIVE IN MONTANA
MANUFACTURER OF CABINETRY, MILLWORK, DOORS, FURNITURE
12,000 SQ FT FACILITY WITH SHOWROOM ON 1 ACRE
$2.25 MIL annual year · Sales price $4.6 MIL
live.bozeman.montana@gmail.com

---

# UnitedHealth Boosts Outlook As Covid-19 Impact Subsides

BY ANNA WILDE MATHEWS AND MATT GROSSMAN

**UnitedHealth Group** Inc. raised its full-year outlook for 2021 and said the pandemic's effects on its results matched its expectations, with costs tied to Covid-19 offset by dampened demand for elective healthcare.

The health insurance and healthcare giant, the first major company in the managed-care industry to post third-quarter results, forecast a full-year 2021 profit after adjustments of $18.65 a share to $18.90 a share, up about 22 cents at the midpoint of the range from its previous guidance.

UnitedHealth said its results are consistent with its earlier projection about Covid-19's impact on 2021 profit. The company had said that the pandemic would hurt earnings by

about $1.80 a share.

UnitedHealth also offered an early preview of its 2022 guidance. Chief Financial Officer John Rex said analysts' current consensus estimates were reasonable, but likely toward the upper end of the company's initial projections for next year's adjusted earnings. According to a survey by FactSet, analysts are expecting full-year net income of $20.75 per share for 2022, and profit of $21.64 per share after adjustments.

UnitedHealth expects a smaller impact from Covid-19 care costs next year, compared with 2021, Mr. Rex said.

The CFO also said UnitedHealth will stick with its long-term projection of annual earnings per share growth of 13% to 16%.

UnitedHealth Chief Executive Andrew Witty, 56 years

old, didn't participate in its earnings call, due to what the company said was an "urgent but straightforward procedure" for a kidney stone. UnitedHealth said the procedure went well and the CEO will return to his full duties in a few days.

Higher insurance membership as well as expansion in the Optum health-services business fueled growth in the third quarter, the company said. Revenue for the quarter rose to $72.34 billion, up 11% year over year. The company's profit, stripped of amortization and tax effects, was $4.52 a share. On average, analysts had been expecting $71.35 billion of revenue and adjusted earnings of $4.41 a share, according to FactSet's survey. Most of the revenue growth was from higher premiums, which rose 12% to $56.97 billion.

---

# Asia Exchanges Push for SPACs

BY JING YANG

SPACs have lost some luster in America, but stock exchanges in Singapore and Hong Kong are betting the vehicles will boost their allure to global investors and startups in the region.

The two Asian financial hubs have been pushing forward with competing plans to enable listings of special-purpose acquisition companies, which raise money and go public before finding businesses to merge with. Singapore launched its SPAC rules in September, while Hong Kong is seeking public comment on its proposed regulations until the end of this month.

Both exchanges seek to perform a difficult balancing act—providing the flexibility that SPACs offer while ensuring that investors' interests are protected.

In the U.S., a boom in SPAC issuance has largely fizzled out. Share prices of many listed companies have tumbled, and regulators are adopting a harder stance. The Asian exchanges intend more scrutiny of companies planning to raise money and the businesses they merge with.

"I call this SPAC 2.0," said Sung June Hwang, founder and

chief executive officer of Atlas Growth Acquisition Ltd., a SPAC that is expected to raise $110 million on Nasdaq.

Since neither Hong Kong or Singapore has previously allowed them, SPACs sponsored by Asian investors have also flocked to the U.S. to raise money. Since the start of last year, 35 such SPACs have raised a total of $6.8 billion by going public on American stock exchanges, according to Dealogic.

U.S.-listed SPACs—whether sponsored by Western or Asian investors—have also sought out acquisition targets in Asia.

There have been 15 announced mergers involving Asian companies over the same period, worth a total $52.8 billion, according to Dealogic. The largest by far is a pending, $40 billion deal involving ride-hailing giant Grab Holdings Inc.

Industry watchers say a string of deals is likely to follow. Michael Marquardt, CEO for Asia at IQ-EQ, a firm that provides services to investment funds, said clients are showing a lot of interest in launching SPACs in Asia.

*—Amrith Ramkumar contributed to this article.*

**Funds raised by U.S.-listed SPACs sponsored by investors in Asia**

$4 billion

'14    '16    '21

*Through Sept. 30 · ¹January 2020–September 2021
Source: Dealogic*

**U.S. SPACs sponsored by Asian investors, by origin¹**



| | |
|---|---|
| Hong Kong | 20 |
| Mainland China | |
| Singapore | |
| Malaysia | |
| South Korea | |

# EXHIBIT C

# Notice of Pendency of Class Action and Proposed Settlement Involving Persons and Entities Who Purchased or Otherwise Acquired Cognizant Technology Solutions Corporation Common Stock from February 27, 2015 through September 29, 2016

NEWS PROVIDED BY

**Bernstein Litowitz Berger & Grossmann LLP →**

Oct 15, 2021, 09:17 ET

SEATTLE, Oct. 15, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION SECURITIES LITIGATION | Civil Action No. 16-6509 (ES) (CLW) |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION**

**AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;**

**AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

This notice is for all persons and entities who purchased or otherwise acquired the common stock of Cognizant Technology Solutions Corporation ("Cognizant") during the period from February 27, 2015 through September 29, 2016, inclusive (the "Class Period") (the "Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Union Asset Management Holding AG, Amalgamated Bank, as Trustee for the LongView Collective Investment Funds, and the Fire and Police Pension Association of Colorado have reached a proposed settlement of the Action for $95,000,000 in cash (the "Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on December 20, 2021 at 2:00 p.m. Eastern Time, before the Honorable Esther Salas either in person at the United States District Court for the District of New Jersey, Courtroom 5A, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101 or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is

fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Cognizant Securities Litigation*, c/o JND Legal Administration, P.O. Box 91421, Seattle, WA 98111, 1-855-648-2213. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CognizantSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online,*** **no later than January 28, 2022**, in accordance with the instructions set forth in the Claim Form.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received*** **no later than November 22, 2021**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.  **Please note**: If you exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Cognizant's counsel such that they are **received** **no later than November 22, 2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Cognizant, the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

John Rizio-Hamilton, Esq.

1251 Avenue of the Americas

New York, NY 10020

1-800-380-8496

settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*Cognizant Securities Litigation*

c/o JND Legal Administration

P.O. Box 91421

Seattle, WA 98111

1-855-648-2213

www.CognizantSecuritiesLitigation.com

SOURCE Bernstein Litowitz Berger & Grossmann LLP